**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **REGINALD D. SHEPPARD,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **Civil Action No. 4:05-CV-079-Y** |
| | § | |
| **COLE JETER, WARDEN,** | § | |
| **Federal Medical Center-Fort Worth,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

### B. PARTIES

Petitioner Reginald D. Sheppard, Reg. No. 29246-077, is a federal prisoner incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Fort Worth).

Respondent Cole Jeter is Warden of FMC-Fort Worth.

### C. PROCEDURAL HISTORY

On January 17, 1997, in Case No. 4:96-CR-153-1, Sheppard pled guilty to maintaining a place to distribute a controlled substance, cocaine base, and aiding and abetting, in violation of 21

U.S.C. § 856(a)(1) and 18 U.S.C. § 2. *See* PACER, U.S. Party/Case Index, Criminal Docket for Case # 4:96-CR-153-1, entry for January 17, 1997. On April 18, 1997, he was sentenced to a term of 135 months' incarceration. *See id.*, entry for April 18, 1997. Sheppard appealed the trial court's judgment of conviction and sentence, but the Fifth Circuit affirmed on January 5, 1998. *See id.*, entry for December 10, 1997. Thereafter, Sheppard sought postconviction relief via 28 U.S.C. § 2255 to no avail. *See id.*, entries for January 1, 1999 & October 29, 1999. On January 30, 2005, Sheppard filed this federal petition under § 2241.

D. DISCUSSION

By the instant habeas corpus action, Sheppard challenges his 135-month sentence on the basis of the Supreme Court's decisions in *Blakely v. Washington*, 124 S. Ct. 2531 (2004) (reaffirming holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"), and *United States v. Booker*, 125 S. Ct. 738, 756 (2005) (applying *Apprendi* to the Federal Sentencing Guidelines). Specifically, he asserts that his sentence was unconstitutionally enhanced under the federal sentencing guidelines based on judge-found facts under a preponderance-of-the-evidence standard. (Pet'r Memorandum of Law at 6-7.)

The threshold question is whether his claim is properly raised in a § 2241 habeas petition. Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2241 may be used by a federal prisoner to challenge the legality of his conviction or sentence only if he can satisfy the

2

mandates of the so-called § 2255 "savings clause." *See Reyes-Requena v. United States*,  243 F.3d 893, 901 (5th Cir. 2001).  Section 2255 provides that a prisoner may file a writ of habeas corpus if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention."  *See* 28 U.S.C. § 2255.

To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or § 2255 motion.  *Reyes-Requena*, 243 F.3d at 904.  A § 2241 petition is not a substitute for a motion under § 2255, and the petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000).  A prior unsuccessful § 2255 motion, or the inability to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective.  *Jeffers*, 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876,  878 (5th Cir. 2000).

Sheppard has not provided any valid reason why the § 2255's remedy is either inadequate or ineffective.  Relying on *Davis v. United States*, 417 U.S. 333 (1974), and relevant Fifth Circuit case law, Sheppard contends that he is entitled to seek § 2241 relief under the § 2255 savings clause based on the intervening change in the substantive criminal law as articulated in *Blakely* and *Booker*, unavailable to him during his trial, direct appeal or § 2255 motion, because he is "actually innocent of the defective indictment," which failed to allege sentencing factors determined by the judge under a preponderance of the evidence standard and used to illegally enhancement his sentence.  (Pet'r Memorandum of Law at 4-5.)

Although the Supreme Court's decisions in *Blakely* and *Booker* were not decided until 2004

3

and 2005, respectively, contrary to his assertion, Sheppard cannot satisfy the first prong of the test. His claim does not implicate his conviction for a substantive criminal offense nor has the Supreme Court expressly declared *Blakely* or *Booker* to be retroactive to cases on collateral review.[1, 2]  The *Blakely*/*Booker* line of cases is essentially an extension of the procedural rules expressed in *Apprendi* and *Ring*.  Like *Apprendi* and *Ring,* the *Blakely*/*Booker* rule appears to merely "allocate decisionmaking authority" with respect to sentencing, rather than stating a new substantive rule that may upset a judgment of conviction on collateral review.  *See Schirro*, 124 S. Ct. at 2523-24 (holding that *Ring* established a new *procedural* rule that does not apply retroactively to cases already final on direct review).  Under these circumstances, Sheppard is precluded from challenging the legality of his sentence under § 2241.  Thus, the court is without jurisdiction to consider the petition.  *See Christopher v. Miles*, 342 F.3d 378, 379, 385 (5th Cir. ), *cert. denied*, 540 U.S. 1085 (2003).

## II.  RECOMMENDATION

Because Sheppard has not made the showing required to invoke the savings clause of § 2255

---

[1]*See Booker*, 125 S. Ct. at 769 (Op. by Breyer, J.) (expressly extending holding "to all cases on direct review"); *Schriro v. Summerlin*, 124 S. Ct. 2519, 2526 (2004) (holding *Ring v. Arizona*, 536 U.S. 584 (2002), which extended application of *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review).

[2]The circuit courts to consider the issue have all concluded that *Booker* does not apply retroactively on collateral review.  *See In re Elwood*, ___ F.3d ___, 2005 WL 976998, at *2-3 (5th Cir. Apr. 28, 2005); *Guzman v. United States*, 404 F.3d 139, 141-44 (2nd Cir. 2005); *In re Olopade*, 403 F.3d 159, 160-64 (3rd Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860-61 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 480-81 (7th Cir. 2005), *petition for cert. filed* ___ U.S.L.W. ___ (U.S. Apr. 29, 2005) (No. 04-9994); *United States v. Price*, 400 F.3d 844, 846-49 (10th Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1338-40 (11th Cir. 2005); *In re Hinton*, 2005 WL 566608, at *1 (D.C. Cir. Mar. 10, 2005) (not designated for publication).  *See also Wesson v. U.S. Penitentiary, Beaumont, Tx*, 305 F.3d 342, 347-48 (5th Cir. 2000), *cert. denied*, 537 U.S. 1241 (2003) (holding *Apprendi* does not apply retroactively to cases on collateral review and an *Apprendi* claim does not satisfy the requirements for filing a habeas petition under the § 2255 savings clause).

as to the claims presented in this habeas corpus proceeding, it is recommended that the government's motion to dismiss be granted and that Sheppard's petition be dismissed with prejudice for want of jurisdiction.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 22, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 22, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the

opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 1, 2005.


_____/s/ Charles Bleil_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

6