```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     FORT WORTH DIVISION

REGINALD DWAYNE SHEPPARD,        §
      Petitioner,                §
                                 §
VS.                              §   CIVIL ACTION NO.4:05-CV-079-Y
                                 §
COLE JETER, Warden,              §
FMC-Fort Worth,                  §
      Respondent.                §
```

ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS

In this action brought by petitioner Reginald Dwayne Sheppard under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 1, 2005; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on June 27, 2005.

The Court, after de novo review, concludes that Sheppard's objections must be overruled, that the motion to dismiss should be granted, and that the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's findings and conclusions.

It is therefore ORDERED that the findings, conclusions, and recommendation of the magistrate judge should be, and are hereby, ADOPTED.

It is further ORDERED that respondent Jeter's May 3, 2005, motion to dismiss [docket no. 6] be, and is hereby, GRANTED.

It is further ORDERED that Reginald Dwayne Sheppard's petition for writ of habeas corpus under 28 U.S.C. § 2241 be, and is hereby, DISMISSED for lack of jurisdiction.[1]

SIGNED June 28, 2005.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[1] As noted in the magistrate judge's report, Sheppard was convicted and sentenced in this Court in *United States v. Sheppard,* 4:96-CR-153-Y(1). His conviction was affirmed on direct appeal, and a motion for relief under 28 U.S.C. § 2255 was denied. Although this Court could thus preside over a motion under 28 U.S.C. § 2255, because Sheppard has not received prior authorization from the court of appeals to file a successive § 2255 motion, this Court lacks jurisdiction to so construe this action. *See Hooker v. Sivley,* 187 F.3d 680, 682 ("Although 2255 is the proper vehicle for challenging the validity of a conviction and sentence . . . the district court [of conviction] lacked jurisdiction to construe Hooker's [§ 2241] petition as a § 2255 motion because he had not received prior authorization from us to file a successive § 2255 motion"), *citing* 28 U.S.C. §§ 2244, 2255; *United States v. Rich,* 141 F.3d 550, 551 (5th Cir. 1998),*cert. den'd,* 526 U.S. 1011 (1999).

2